CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 05, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

| | | |
|---|---|---|
| **BOBBY LEE HURLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00039 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SOUTHWEST VIRGINIA REGIONAL** | ) | JUDGE JAMES P. JONES |
| **JAIL AUTHORITY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Bobby Lee Hurley, Pro Se Plaintiff.*

The plaintiff, a former inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendants used excessive force against him when he was incarcerated.  Along with Hurley's Complaint, he has submitted a Statement of Assets form, which I liberally construe to be an application to proceed in forma pauperis which I will grant.  However, I conclude that his claims must be summarily dismissed as time barred under the applicable statute of limitations.

## I. BACKGROUND.

According to his pro se Complaint dated November 4, 2025, and docketed January 14, 2026, Hurley is not currently incarcerated.  However, his claims occurred at Haysi Regional Jail during a time when he was housed in that facility.  Important to the disposition of this case, the incident at issue occurred on March 1,

2016.  Hurley describes an event on such date in which he alleges prison officials used excessive force against him by "beating [him] and choking [him] kneeing [him] in [his] sides," among other things, while he claims he was not resisting.  Compl. Attach. 3, Dkt. No. 1-2.  He further states that he "[t]ried to file a 1983 form can't get no help tried to pay lawyers to help [him]."  *Id.* at 4.  As defendants, Hurley names Southwest Regional Jail Authority,[1] Officer Nick Keen, Lt. Ron Estep, Officer B. Cress, N. Turner, and C. Mullins.  He seeks an award of $6,000,000 in damages for his physical and mental injuries.

## II. DISCUSSION.

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings.  *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).  A pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, even under this less stringent standard, the pro se complaint is subject to sua sponte dismissal "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  When a court finds it clear from the face of the complaint that the plaintiff's claims are time barred and he filed his

---

[1] A local jail facility itself cannot qualify as a person subject to being sued under § 1983.  *Sweet v. N. Neck Reg'l Jail*, 857 F.Supp.2d 595, 597 (E.D. Va. 2012).  Therefore, Hurley has improperly named Southwest Regional Jail Authority as a defendant.

lawsuit in forma pauperis, the court may summarily dismiss the action. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

Hurley brings his claims under § 1983, however, no specific federal statute of limitations applies in § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occurred. *Owens v. Okure*, 488 U.S. 235, 239 40 (1989). Virginia has a two-year statute of limitations for general personal injury claims. Va. Code Ann. § 8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time his action accrues. *Id.*

A cause of action under § 1983 accrues and the statute of limitations begins to run "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim*, 64 F.3d at 955. Furthermore, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

The statute of limitations may be tolled under certain circumstances for equitable reasons. Such "equitable tolling," is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).    A plaintiff must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998) (internal quotation marks and citation omitted).

It is clear from the face of Hurley's Complaint that his claims accrued in 2016. He knew of his injuries from the defendants' alleged actions on the date they occurred, March 1, 2016.  However, this cause of action did not commence until January 14, 2026, when the court received and docketed his Complaint— approximately ten years later.[2]  Furthermore, Hurley has not set forth any factual allegations showing that he is entitled to equitable tolling of the statute of limitations. Although Hurley asserts that he could not get assistance with filing the § 1983 form or retaining a lawyer, he has not demonstrated a circumstance sufficient to invoke equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512-13 (4th Cir. 2004) (determining that a lack of legal expertise or legal resources is not an excuse for

---

[2] Ordinarily, a pro se prisoner plaintiff's § 1983 complaint is deemed filed when he relinquishes control of it to prison official for mailing to the court. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 745 (4th Cir. 1991).  Thus, if Hurley were incarcerated, I would consider the filing date to be the date on which he signed and dated his pleading.  Here, Hurley signed and dated his pleading on November 4, 2025.  However, even considering November 4, 2025, to be the filing date rather than the January 14, 2025, date of docketing, Hurley's pleading would still be too late, and he has not described any circumstances to justify the delay.

delay sufficient to invoke equitable tolling). Accordingly, Hurley's claims are barred by the statute of limitations and will be summarily dismissed.

### III. CONCLUSION.

For the foregoing reasons, Hurley's Complaint must be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate Judgment Order will be entered herewith.

DATED: March 5, 2026

/s/ JAMES P. JONES
Senior United States District Judge